NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50048 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00652-WVG-AJB-1 |
| v. | |
| HIPOLITO GUERRERO-HIDROGO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William V. Gallo, Magistrate Judge, Presiding

Submitted February 6, 2018[**]
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and PRATT,[***] District Judge.

Hipolito Guerrero-Hidrogo ("Guerrero-Hidrogo") appeals from a federal

bench-trial conviction of attempted illegal entry into the United States under 8

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

U.S.C. § 1325(a)(1). Guerrero-Hidrogo contends that the Government's routine destruction of the video showing him crossing the border violated his due process rights. Reviewing the district court's legal determinations de novo and its factual findings for clear error, *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013), we affirm.[1]

On January 11, 2015, while Guerrero-Hidrogo, a citizen of Mexico, was attempting to enter the United States unlawfully, the Department of Homeland Security's ("DHS") Border Patrol ("USBP") station's Remote Video Surveillance System ("RVSS") video recorded him near Imperial Beach, California. USBP agents also saw him, and one arrested him. Guerrero-Hidrogo was tried for attempted illegal entry into the United States under 8 U.S.C. § 1325. He was convicted after a bench trial before a Magistrate Judge, and given a time-served sentence of 4 months' custody.

To establish a due process violation, Guerrero-Hidrogo must make three showings—all of which he fails to make. First, Guerrero-Hidrogo must demonstrate that the RVSS video "possess[ed] exculpatory value that was apparent before the evidence was destroyed." *California v. Trombetta*, 467 U.S. 479, 489 (1984). Any exculpatory value of the RVSS video was not apparent to the USBP

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

agents and prosecutors before the tape was destroyed since the tape was likely blurry due to the weather and a USBP agent was the first to spot Guerrero-Hidrogo entering the United States, before the RVSS spotted him. Indeed, the district court found that Guerrero-Hidrogo was under official restraint, which was beside the point for § 1325(a)(1)'s purposes. Second, Guerrero-Hidrogo must show that he was "unable to obtain comparable evidence by other reasonably available means." *Id*. Guerrero-Hidrogo obtained comparable evidence through the USBP agents' testimony and the dispatch tapes. Third, Guerrero-Hidrogo must demonstrate that the Government acted in "bad faith" when it destroyed the RVSS video, assuming it were potentially useful evidence. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Even if the RVSS video were potentially useful evidence, the district court did not clearly err by finding that the Government did not act in bad faith because the Government's routine overwrite of the RVSS video every sixty days was not a product of "official animus" or of a "conscious effort to suppress exculpatory evidence." *Trombetta*, 467 U.S. at 488. Consequently, Guerrero-Hidrogo's constitutional claim lacks merit.

 **AFFIRMED**.